UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RONNIE EDWARD DUKE,

        Defendant.

Case No. 11-20017-1
Honorable Julian Abele Cook, Jr.

## ORDER

On July 5, 2012, the Defendant, Ronnie Edward Duke, pled guilty to one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349, pursuant to a Rule 11 plea agreement with the federal government. As part of the plea agreement, the Government promised to file a 5K1.1 motion for a downward departure, in which it would request the Court to impose a maximum custodial sentence of 15 years upon him. The parties also agreed that the Government - in its sole discretion - would determine if a supplemental 5K1.1 motion would be proffered to the Court at a later time. However, the Government ultimately declined to file a supplemental 5K1.1 motion, and more recently asked the Court to remand Duke to the custody of the United States Marshal at the conclusion of the impending sentencing hearing. Now pending before the Court is Duke's emergency motion to (1) deny the Government's request for his remand to the custody of the United States Marshal, and (2) enforce the Government's obligation to seek an additional downward departure.

Duke complains that the Government's request to remand him to the custody of the

United States Marshal at the conclusion of the sentencing hearing represents an act of retaliation arising from his efforts to challenge the calculation of the proposed sentencing guidelines. A preliminary review of the sentencing memorandum by the Government does not support this contention. Rather, it appears that the Government's request for Duke's immediate remand is based upon its belief that he is a risk for flight. For example, Duke faces the possibility of receiving a significant custodial sentence. Given that Duke has (1) a significant criminal history; (2) a documented record of escape and violent behavior, including an arrest for assault and battery while on bond; (3) no ties to the community; and (4) no current employment, the Government asserts that he has no incentive to remain in the area and serve the sentence. Additionally, the Government suggests that the multiple adjournments of Duke's sentencing hearing have provided him with ample opportunity to settle his affairs in anticipation of his impending incarceration.

The Court concludes that the primary motivation for the Government's request for remand is the belief that Duke has no need of additional time to prepare for his incarceration. His request for an immediate decision as to whether he will be remanded to the custody of the United States Marshals is denied. The Court will hear argument on this issue at the upcoming sentencing hearing and will issue its ruling at that time.

II.

In his second motion, Duke submits that the Government's decision not to file a motion requesting an additional downward departure was made in bad faith and in retaliation for the exercise of his right under the Rule 11 plea agreement to challenge the Government's calculations of the amount of loss and number of victims. Although the precise remedy sought by

Duke is not clear, the Court will interpret this motion as a request for (1) specific performance of the Government's alleged obligation to file a supplemental motion for additional downward departure or (2) consideration of the full extent of Duke's assistance when determining the appropriate sentence in light of the appropriate 18 U.S.C. § 3553(a) factors.

Duke relies on *Santobello v. New York*, 404 US 257 (1971) and its progeny to support his assertion that the Court may enforce a promise by the Government as a part of the parties' plea agreement. In *Santobello*, the Supreme Court mandated that "[w]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. As a result, the court vacated the sentence that was issued after the prosecutor breached a material provision within the plea agreement.

However, the Court notes that there is an important distinction between the plea agreement in *Santobello* and the plea agreement in this case. In *Santobello*, the agreement contained an unequivocal promise by the Government to abstain from offering a sentence recommendation. *Id.* The agreement signed by Duke, on the other hand, contained no such promise and, in fact, explicitly reserved any decision as to whether to request additional downward departure to the discretion of the Government.[1]

---

[1] The text of the agreement states that if Duke provides additional assistance after the date of the agreement,

> the (G)overnment may, in its sole discretion, supplement its motion pursuant to USSG §5K1.1 to account for any such additional substantial assistance by [the Defendant]. . . . The (G)overnment reserves the right to recommend a sentence at any point within the 10-15 year range based on its evaluation of [the Defendant's]

3

When a plea agreement affords the Government complete discretion to file a motion for a downward departure, the Sixth Circuit has consistently held that a judicial review of the refusal by the Government to file such a motion is limited to whether the decision was based on unconstitutional motives. *United States v. Villareal*, 491 F.3d 605, 608-09 (6th Cir. 2007) (citing *United States v. Moore,* 225 F.3d 637, 641 (6th Cir. 2000)); *see also United States v. Lukse*, 286 F.3d 906, 912 (6th Cir. 2002) (Sixth Circuit case law mandates "that no matter how much evidence is produced by a defendant to show government officials' acknowledgment of defendant's aid in the investigation or prosecution of other suspects, the simple denial of the value of such assistance in open court by the government is unreviewable, but for unconstitutional motivations."). An assertion of mere bad faith is insufficient to trigger judicial review. *Villareal*, 491 F.3d at 609 ("Unlike some of our sister circuits, we do not review for bad faith when the decision to file a motion vests within the sole discretion of the government." (internal citations omitted)).

Duke asserts that this Court's review is not so limited. He contends that *Chapman v. United States*, 500 U.S. 453, 464-65 (1991) permits the Court to also grant relief if the Government's refusal to file a substantial assistance motion is not rationally related to any legitimate Government end. However, a similar argument was considered and expressly rejected by the Sixth Circuit in *United States v. Hawkins*, 274 F.3d 420, 427-28, 433-34 (6th Cir. 2001). In *Hawkins*, the court noted that while discussions in *Chapman* and *United States v. Wade*, 504 U.S. 181 (1992) suggest judicial review is permissible if the

---

additional substantial assistance and in its sole discretion.
Plea Agreement at 4-5 (ECF No. 82).

4

Government's decision is deemed to be irrational, such a review is precluded by Sixth Circuit precedent. 274 F.3d at 428-29 (citing *Wade*, 504 U.S. at 186-87). As this Court is bound by Sixth Circuit precedent, it must conclude that it may review the Government's refusal only to determine if it was based on an unconstitutional motive.

Duke alleges that the refusal to file a supplemental motion based on his decision to object to the calculation of his sentencing guidelines constitutes a violation of his Fifth Amendment right to due process. The Court finds this argument to be unpersuasive, and, indeed, an unpublished decision by the Sixth Circuit suggests a rejection of Duke's argument. *See United States v. Maynard*, 94 F. App'x 287, 291 (6th Cir. 2004). In *Maynard*, the decision as to whether to file a 5K1.1 substantial assistance motion was reserved by the terms within the plea agreement to the Government's sole discretion. After the Government declined to file such a motion, the defendant asserted that this refusal "represented an impermissible reaction to his decision to contest the drug quantity attributable to him." *Id.* The court, after concluding that "this contention does not allege an unconstitutional motive," and found no violation of the plea agreement. *Id.*

In this case, the Government offered the following motives for its failure to request an additional departure; namely, (1) Duke's objections to the spreadsheet have undermined its value because it was based on the information that had been already provided by him; and (2) Duke has failed to accept responsibility and repeatedly attempted to minimize his role in this criminal scheme. The Government contends that it evaluated Duke's additional cooperation against Brierley et al., and concluded that his

request for an additional downward departure was not appropriate under those circumstances. While Duke may disagree with the Government's assessment of his aid, the Court finds no support for his contention that the Government's decision was based on an unconstitutional motive.

As to Duke's final request that the full extent of his cooperation be considered when determining the all of the factors under 18 U.S.C. § 3553(a), the Court notes that, at present, it has received no specific information regarding his assistance. However, it should be noted that the Court will consider any relevant information that the Government and Duke desire to present in the form of a sentencing memorandum or other appropriate filing.

For the reasons that have been set forth above, the Court denies Duke's emergency motion to (1) deny the Government's request for his remand to the custody of the United States Marshal and (2) enforce the Government's obligation to request further downward departure (ECF No. 152).

IT IS SO ORDERED.

Date: February 22, 2013
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 22, 2013.

s/ Kay Doaks
Case Manager